## IN THE COUNTY CIVIL COURT OF THE
## 12TH JUDICIAL SARASOTA COUNTY CIVIL COURT,
## STATE OF FLORIDA

**GERALD JONES,**

          Plaintiff,

-vs-                                          Case No.
                                                HON.

**ESTATE RECOVERIES, INC.,**

          Defendant.

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

### COMPLAINT AND DEMAND FOR JURY

Plaintiff, **GERALD JONES**, by and through counsel, brings this action against the above listed Defendant, **ESTATE RECOVERIES, INC.**, on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and seeks actual damages, damages, costs and attorney's fees.



## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Plantation, Sarasota County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Profit Corporation with its registered agent located in the State of Florida and the actions in this case taking place at Plaintiff's home location in Sarasota County, Florida.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(3) Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6):

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that there or his employer will contacted if a final judgment is obtained;

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(9) Claim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist; and

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1 and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff is receiving numerous phone calls from Defendant in regards to the collection of an alleged debt that Plaintiff does not owe.

19.

This alleged debt belongs to a family member. Plaintiff has told Defendant that he does not owe the alleged debt and asked Defendant to stop calling him. Defendant has continued to call Plaintiff. Defendant is calling Plaintiff from 443-615-7400.

20.

Plaintiff receives calls from Defendant every other day, 2-3 times a day.

21.

Plaintiff has asked Defendant repeatedly to stop calling him. They have continued to call.

22.

Defendant has called Plaintiff at his workplace, on his cell phone, after Plaintiff has told Defendant that he was at work and not to call him there.

23.

Defendant has been rude to Plaintiff in conversations. Defendant told Plaintiff, "We will keep on calling you anyway." Then Defendant would hang the phone up on Plaintiff. **Please see Exhibit No. 1**

24.

Defendant has failed to state, in many conversations, that they are a debt collector in an attempt to collect a debt.

25.

To date, Plaintiff has not received anything in writing from Defendant.

26.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA. **Please see Exhibit No. 2.**

27.

Plaintiff seeks judgement against the Defendant in whatever amount less than $15,000 that Plaintiff is entitled to and the costs and expenses of this action.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

28.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see Paragraphs 18, 19, 20, 21, 22, and 23.**

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 18, 19, 20, 21, 22, and 23.**

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, and 24.**

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 18, 19, 20, 21 and 22.**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector. **Please see Paragraph 24.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt. **Please see Paragraph 25.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed. **Please see Paragraph 25.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. **Please see Paragraph 25.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. **Please see Paragraph 25.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. **Please see Paragraph 25..**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. **Please see Paragraph 22.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment. **Please see Paragraph 22.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f(1) by attempting to collect any amount that is not expressly authorized by the agreement creating the debt or permitted by law. **Please see Paragraphs 19 and 23.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer. **Please see Paragraph 23.**

42.

Defendant has violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. **Please see Paragraph 24.**

43.

Defendant has violated 15 U.S.C. § 1692e2(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraphs 19 and 23.**

44.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

### CLAIM AGAINST DEFENDANT UNDER THE FCCPA

45.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 18, 19, 20, 21, 22, and 23.**

46.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents. **Please see Paragraph 24.**

47.

Defendant has violated 559.72 (4) by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained. **Please see Paragraph 22.**

48.

Defendant has violated 559.72(3) by telling a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing,

directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6). **Please see Paragraphs 19 and 23.**

49.

Defendant has violated 559.72(8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family. **Please see Paragraph 23.**

50.

Defendant has violated 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraphs 19 and 23.**

51.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

52.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

53.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

54.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled less than $15,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA; and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 5th day of December, 2009.

Respectfully submitted,

_____
BRIAN P. PARKER (0980668)
Attorney for Plaintiff